IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    RESPONDENT

v.                              No. 4:16-cr-40006
                                No. 4:17-cv-4092

PATRICK KELLAM                                                                                    MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by PATRICK KELLAM ("Kellam"). ECF No. 29. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has not responded to the Motion. Kellam has requested his Motion be dismissed. ECF No. 32

The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 29) be **DISMISSED without prejudice**.

1.  **Background:**

On October 18, 2016, Kellam was sentenced to 72 months imprisonment, 15 years of supervised release, and a $100 special assessment in connection with his conviction for interstate transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) & (b)(1). ECF No. 27. On October 19, 2017, Kellam filed a *pro se* 28 U.S.C. § 2255 Motion to Vacate with this Court requesting that his sentence be vacated on the grounds that he received ineffective assistance of counsel. ECF No. 29. The Court appointed the Federal Defender to represent Kellam on October

27, 2017. ECF No. 30. In that same Order the Court directed the Government to file a Response to the Motion on or before February 1, 2018. Prior to the Government's Response being filed, Kellam, through counsel, filed his Notice of Dismissal of 28 U.S.C. § 2255 Motion. ECF No. 32. Accordingly, the Government did not file a Response.

**2.   Discussion:**

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure apply "to the extent that they are not inconsistent with any statutory provisions or these rules." Kellam asserts in his Notice of Dismissal: "After consultation with counsel, Mr. Kellam has determined that he wishes to voluntarily dismiss his Motion to Vacate" pursuant to FED.R.CIV.P 41(a). ECF No. 32, ¶ 3. Rule 41(a) provides:

> **(a) Voluntary Dismissal**
>
> **(1) By the Plaintiff**.
>
>> **(A)** Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment
>>>
>>> **(ii)** a stipulation of dismissal signed by all parties who have appeared.
>>
>> **(B)** Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal—or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> **(2) By Court Order; Effect**. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

> Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Here, while directed to respond on or before February 1, 2018, the Government has elected not to do so in light of Kellam's Notice of Dismissal. No answer or motion for summary judgment been filed by the government. While the application of Rule 41(a) to a § 2255 proceeding is not crystal clear, Rule 41 does not appear inconsistent with the Rules Governing Section 2255 Proceedings in this context. Further, the Court has discretion to allow a dismissal if there is no prejudice to the opposing party. *See New York, C. & St. L.R. Co. v. Vardaman*, 181 F.2d 769, 770 (8th Cir.1950) (Court has discretion to order a dismissal pursuant to Rule 41(a)(2) without prejudice "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.").

In this case, dismissal without prejudice is proper under Rule 41(a) because: (1) Kellam provided notice of his desire to dismiss the Motion well before the Government's response was due; (2) dismissal will not be a waste of judicial time; and (3) dismissal will not prejudice the Government as no Government resources were spent responding to the § 2255 Motion. Further, pursuant to Rule 41(a) dismissal should be without prejudice.

**3.      Recommendation:**

Accordingly, based on the foregoing, it is recommended the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Kellam (ECF No. 29) be **DISMISSED** without prejudice. No certificate of appealability should issue. *See* 28 U.S.C. § 2253(c); Rule 11(a) of the Rules Governing Section 2255 Proceedings.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **13th day of March 2018.**

                                                                        /s/ Barry A. Bryant
                                                                        HON. BARRY A. BRYANT
                                                                        U.S. MAGISTRATE JUDGE