IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.                                         Case No. 4:16-cr-40006

PATRICK KELLAM                                                                                        DEFENDANT

## ORDER

Before the Court is Defendant Patrick Kellam's Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018.[1]  ECF No. 43.  The Government has responded.  ECF No. 47.  The Court finds the matter ripe for consideration.

## BACKGROUND

On March 16, 2016, Defendant was named in a one-count indictment in the Western District of Arkansas.  ECF No. 1.  The indictment charged Defendant with knowingly transporting and shipping in interstate and foreign commerce by any means one or more visual depictions involving the use of a minor engaging in sexually explicit conduct as that term is defined in 18 U.S.C. § 2256, and such visual depictions were of such conduct, all in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).  *Id*.  On May 26, 2016, Defendant plead guilty to the one count in the indictment.  ECF No. 16.  The final Pre-Sentence Investigation Report recommended a sentencing range of 97 to 121 months imprisonment.  ECF No. 21.  On October 18, 2016, the Court sentenced Defendant to 72 months incarceration with credit for time served in federal custody, 15 years of supervised release, and a $100 special assessment.  ECF No. 27.

On March 17, 2021, Defendant filed his first Motion to Reduce Sentence.  ECF No. 35.  The Court subsequently appointed the Federal Public Defender to represent Defendant with respect to any motions for compassionate release.  ECF No. 40.  On April 20, 2021, Defendant filed his Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018.  ECF No. 43.  Defendant argues that his medical conditions combined with the ongoing pandemic and his confinement create extraordinary

---

[1] Defendant initially filed a Motion to Reduce Sentence (ECF No. 35) that was supplemented by the instant motion. Both motions are before the Court.

and compelling circumstances that justify a reduction in his sentence and a release from confinement. *Id*. at p. 6. Specifically, Defendant contends that his obesity, asthma, and liver disease make him especially vulnerable to severe adverse impacts if he contracts Covid-19, and that confinement makes contraction more likely. *Id*. at p. 7-12. Defendant also argues that the statutory sentencing factors and safety considerations favor his release. *Id*. at p. 13-15. Regarding the sentencing factors, Defendant contends that the pandemic has created a harsher sentence than necessary and that release now would not undermine his sentence's purpose because he has served over seventy-five percent of it. *Id*. As for the safety considerations, Defendant contends that his non-existent prior criminal history, his good and productive behavior during confinement, and his anticipated stability upon release indicate that he presents no risk to the public if released. *Id*.

On April 27, 2021, the Government responded in opposition to the instant motion. ECF No. 47. The Government argues that the current circumstances are not severe enough to permit releasing Defendant from confinement. *Id* at p. 6. The Government first notes the numerous steps the Bureau of Prisons has taken to mitigate the spread of Covid-19 within its facilities.[2] *Id*. at p. 6-11. The Government then contends that Defendant does not face the significant risks he claims because he has already contracted and recovered from Covid-19 and because he has declined the opportunity to get vaccinated against it. *Id*. at p. 18-27. The Government also argues that the statutory sentencing factors and safety considerations advise against releasing Defendant. *Id*. at p. 29-31. The Government contends that release at this time would undermine both the seriousness of Defendant's offense and the deterrence impact of his sentence. *Id*. at p. 30-31. The Government also contends that the nature and circumstances of Defendant's offense, in which he sought out and obtained explicit videos of prepubescent minors, precludes his release under the public safety considerations. *Id*. Of particular concern to the Government is Defendant's prior disclosure that viewing and encountering children in public provokes an urge to view child pornography. *Id.* at p. 30.

---

[2] These measures include, but are not limited to, increased screening of inmates and staff, suspension of social visits, operational modification to emphasize social distancing, and establishing quarantine areas. ECF No. 47, p. 7-9.

**DISCUSSION**

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before an analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

**A. Exhaustion of Administrative Remedies**

The FSA provides two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.

28 C.F.R. § 571.63(a).  If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time.  28 C.F.R. § 571.63(b-c).

In this matter, Defendant indicates that he sent a request for release to his warden and did not receive a response.  ECF No. 43, p. 2.  Defendant attached a follow up email he sent to the warden inquiring about the initial request he made roughly two months prior.  ECF No. 43-1.  The Government does not dispute that Defendant has exhausted his administrative remedies and states that this Court has jurisdiction to evaluate Defendant's motion on the merits.  ECF No. 47, p. 6.  Accordingly, the Court finds that Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i) and will consider his motion for a reduced sentence and release on the merits.

**B. Extraordinary and Compelling Reasons**

The Court finds that Defendant has failed to show that there are extraordinary and compelling reasons justifying a reduction in his sentence and a release from confinement.

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i).  Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).  Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples.  *Id.*  Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[3] This policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is –
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

---

[3] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. See U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. See United States v. Brown, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. See U.S. v. Schmitt, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

Defendant argues that his health conditions combined with the ongoing pandemic and his confinement create extraordinary and compelling circumstances that justify his release under U.S.S.G. § 1B1.13 cmt. n.1(D). ECF No. 43, p. 6-12. The Court is not persuaded. It is true that the Center's for Disease ("CDC") have identified asthma, obesity, and liver disease as risk factors for more severe illness upon contracting Covid-19. *See People at Increased Risk: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 27, 2021). However, Defendant's BOP medical records indicate he already contracted and recovered from Covid-19, and that his symptoms were not severe. ECF No. 48-4, p. 49. The CDC has determined that cases of reinfection with Covid-19, while possible, are rare. *See Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited July 27, 2021). This makes the risk Defendant faces from Covid-19 less substantial that he contends in his motion for release. This low chance of reinfection becomes even less threatening when coupled with the significant measures the BOP has taken to prevent the spread of Covid-19 within its facilities. The Court also notes that Defendant admits he has declined to receive an available Covid-19 vaccination. ECF No. 43, p. 12. That refusal weakens Defendant's contention that he sincerely views his situation as presenting serious risks to his safety. Accordingly, the Court finds that Defendant has not presented "extraordinary and compelling" circumstances that satisfy the requirements for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

### C. § 3553(a) Sentencing Factors

Even if the Court found Defendant had presented an extraordinary and compelling reason for compassionate release, it would still deny such release upon its required evaluation of the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

>    (2) the need for the sentence imposed—
>
>>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>>    (B) to afford adequate deterrence to criminal conduct;
>>
>>    (C) to protect the public from further crimes of the defendant; and
>>
>>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>    (3) the kinds of sentences available;
>
>    (4) the kinds of sentence and the sentencing range established for—
>
>>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>
>    (5) any pertinent policy statement [issued by the Sentencing Commission];
>
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that the § 3553(a) factors favor his release because the ongoing pandemic creates a significantly harsher sentence than initially anticipated and his time served has achieved its rehabilitation purposes. ECF No. 43, p. 13-15. The Court is not persuaded. As to the argument that the pandemic has created a harsher sentence, the Court determined above that that the circumstances with Defendant's health issues and the pandemic are not as significant as Defendant claims. The required examination of the characteristics of the Defendant and the nature of his offense under § 3553(a)(1) also raises the Court's concern. Between Defendant's offense and his prior admission of being motivated to view child pornography after seeing children in public (ECF No. 21, ¶ 72), the Court is doubtful that reducing the sentence it previously deemed necessary for proper deterrence is appropriate in this instance. The Court acknowledges that Defendant has served over seventy-five percent of his sentence. However, the previously mentioned consideration of the nature of his offense and the need for his sentence to both reflect the serious nature of offense under § 3553(a)(2)(A) and provide proper deterrence under § 3553(a)(2)(B)

weighs against reducing his sentence. Accordingly, the Court finds that the § 3553(a) sentencing factors weigh against Defendant's request for release at this time.

### D. Safety Considerations Under 18 U.S.C. § 3142(g)

The Court also finds that the necessary considerations of public safety prevent the Court from granting Defendant's request for release.

The requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors. *See* USSG § 1B1.13(2). The factors for consideration under § 3142(g) are:

> (g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including—
> >
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> >
> > (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant argues that his release is appropriate in light of the safety considerations because of his good conduct and educational efforts during his confinement and because of the stability he anticipates upon release through living with his girlfriend. ECF No. 43, p. 13-15. The Court is not persuaded. Just as the nature of Defendant's offence and his personal characteristics weighed against his release under § 3553(a)(1), these factors similarly weigh against him under § 3142(g)(1) and § 3142(g)(2)(A)'s corresponding considerations. Defendant's prior statements about children in public triggering his desire to view child pornography also weighs against him in light of § 3142(g)(4)'s consideration of the nature of the risk to the public upon Defendant's potential early release. While the Court notes Defendant's good behavior and the steps he has taken toward his education during his confinement, as well the plans he has upon his release, the Court views the circumstances surrounding his offense too damaging to his request for release. Accordingly, the Court finds that it must deny Defendant's request for compassionate release pursuant to the § 3142(g) safety considerations.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's motions for a reduction in his sentence (ECF Nos. 35 and 43) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 30th day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge